KNUT S. JOHNSON (CSB 125725)
LAW OFFICE OF KNUT S. JOHNSON
1010 Second Avenue, Suite 1850
San Diego, California 92101
(619) 232-7080 (Phone)
(619) 232-7324 (Fax)
knut@knutjohnson.com

JERROLD M. BODOW (CSB 79794)
Jerrold M. Bodow, A.P.L.C.
1010 Second Avenue, Suite 1000
San Diego, California 92101
(619) 231-0724 (Phone)
(619) 238-6738 (Fax)
jbodow@gmail.com

Attorneys for GLENDA CASTILLO ABALOS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>vs.<br><br>GLENDA CASTILLO ABALOS<br><br>    Defendant. | CASE NO. 08 cr 1557-WQH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS:**<br>  1) **FOR DISCOVERY;**<br>  2) **FOR A FURTHER MOTION HEARING AFTER GOVERNMENT COMPLIANCE WITH DISCOVERY**<br>Date: August 4, 2008<br>Time: 2:00 p.m. |

**I.**

**FACTS AND PROCEDURAL STATUS**

The government has indicted Ms. Abalos for Possession of Marijuana with the Intent to Distribute, in violation of 21 USC § 841(a)(1). That indictment stems from the April 30, 2008 arrest of Ms. Abalos at the Interstate 8 checkpoint within the Southern District of California. At approximately 5:56 a.m. on that date, Ms. Abalos approached the checkpoint driving a red Dodge Stratus. In

1

pre-primary a narcotics detection dog alerted on the red Dodge Stratus, and agents sent the car to secondary inspection. At secondary inspection agents discovered 25 marijuana bricks in the trunk of the red Dodge Stratus.

Sometime after the search, the government obtained a search warrant for the search of Ms. Abalos' home. Agents then executed that warrant. In a written request, the defense has asked the government to provide: "a copy of the warrant, the affidavit, the inventory, any reports generated, and any other materials related to the warrant. This includes any items seized."

On June 10, 2008, this Court entered the following order:
> "It is ordered that the U.S. Government, including the U.S. Department of Homeland Defense and D.E.A. preserve the vehicle, contraband and secondary inspection videotape, if any seized in this case, until further of this Court."

After the initial batch of discovery, the defense also made the following written request for discovery to the prosecution:
> (1) If there was a video or if there were photos taken of the checkpoint where the stop occurred we would like a copy. The time period we would like is thirty minutes before the stop to thirty minutes after. Please ask your case agent to inquire, but I note that the Dyson report states that "Copies were made of the video feed of the primary and secondary inspection areas." We would like both tapes. I note that there is an order that you preserve the video, if any, from secondary. However, we would also like the video, if any, of primary inspection.
>
> (2) Were there any fingerprints taken from the car or marijuana?

2

- 08 cr 1557-WQH

(3) We would also like any TECS reports for the vehicle. This includes any TECS reports showing movement into the US, out of the US, or within the US.

(4) Copies of any photographs or other evidence related to this case.

(5) Any discovery related to Rita Melgoza, the registered owner of the vehicle.

(6) A copy of N-2, the papers found in Ms. Abalos' possession.

(7) A copy of the video of the marijuana extraction.

The government responded in writing to that request as follows:

There is new discovery available now – reports of the search, and other reports.

A copy of the affidavit and search warrant are forthcoming.

Also coming is video from primary and secondary – no other video was taken.

Fingerprints were not taken from the car or marijuana.

I have requested all physical items seized from the vehicle, and will let you know when they are available for inspection.

Also, to date, the case agent does not believe that TECS has been generated, but we will look into that as well.

Finally, see the attached photos – these may come in several e-mails.

The defense is still waiting on the following items:

(1) A copy of the affidavit and search warrant.

(2) The videos from primary and secondary.

(3) The video of the marijuana being removed from the vehicle.

(4) An inspection of the items seized.

3

- 08 cr 1557-WQH

(5) Discovery related to Rita Melgoza, the registered owner of the vehicle.

(6) A copy of N-2, the papers found in Ms. Abalos' possession.

The defense needs to above items of discovery to evaluate and potentially litigate certain issues, such as: the suppression of evidence found pursuant to the warrant; suppression of the search of the vehicle at the checkpoint, and; other issues. The defense also needs the above items of discovery to prepare for and defend this case at trial.

## II.

## MS. ABALOS IS ENTITLED TO DISCOVERY

Ms. Abalos previously filed with this Court a general motion for discovery. This motion is for an order that the Court order the government to provide the specific discovery listed above.

First, the items listed above are documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Brady v. Maryland, 373 U.S. § 83 (1963). Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

Furthermore, the evidence listed above is, in part, evidence seized as a result of any search, either warrantless or with a warrant, and is discoverable under Fed. R. Crim. P.16(a)(1)(C).

Furthermore, the items listed above are requested also under Fed. R. Crim. P. 16(a)(2)(C), which provides the defense with the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or

4

1  places or copies of portions thereof that are material to the defense or intended
2  for use in the government's case-in-chief, or were obtained from or belong to the
3  defendant.
4        Furthermore, Ms. Abalos requests information regarding the registered
5  owner of the red Dodge Stratus. If the government has evidence that a
6  prospective witness is under investigation by federal, state or local authorities
7  for any criminal conduct that evidence is discoverable and must be provided to
8  the defense. <u>United States v. Chitty,</u> 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S.
9  945 (1985). Although the registered owner may not be a prospective *government*
10 witness, any investigation of that registered owner would be exculpatory under
11 <u>Brady v. Maryland</u>, *supra*.
12       In addition, the previous motion filed by Ms. Abalos did not request a
13 summary of expert testimony. Under Rule 16(a)(1)(E):

> At the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications.

19       Ms. Abalos specifically requests the government give her a written
20 summary and notice of any expert testimony that the government intends to
21 introduce. This request includes any government agent who will testify to any
22 opinion.

### III.
### THIS COURT SHOULD HOLD A FURTHER MOTIONS HEARING

26      Counsel for Ms. Abalos needs to evaluate and potentially litigate motions
27 based on the above listed discovery. Those motions may include motions to

5

- 08 cr 1557-WQH

suppress. Thus, this Court should set this case for an additional motions hearing after the government provides all the discovery in this case.

## IV.
## CONCLUSION

For the foregoing reasons, this Court should grant the above motions.

Dated: July 21, 2008              Respectfully submitted,

      /S/ Knut S. Johnson
**Knut S. Johnson, Esq.**

      /S/  Jerrold Bodow
**Jerrold Bodow, Esq.**

6

- 08 cr 1557-WQH